### In re MAHONEY and RIDDLE.*

*(District Court, E. D. Pennsylvania. January 14, 1881.,*

1. BANKRUPTCY—APPOINTMENT OF ASSIGNEE—UNADMINISTERED ASSETS—DOUBTFUL RIGHT OF ASSIGNEE TO RECOVER.—Where, after the death of an assignee in bankruptcy, evidence of the existence of unadministered assets is produced, the court will appoint a new assignee, notwithstanding that his right to recover such assets may be doubtful, depending upon several disputed questions of law and fact.

2. SAME.—The firm of A., B. & C. dissolved, C. becoming liquidating partner. A. filed a petition in bankruptcy in Pennsylvania under the bankrupt law of 1841. C. subsequently filed a petition in New Orleans. C.'s assignee sold the firm book accounts. Before the dissolution the firm had commenced an attachment suit in Philadelphia against a debtor and had summoned a bank as garnishee. This suit was never tried and no proceedings in it were had for 34 years, when A.'s assignee having died the firm creditors filed a petition for the appointment of a new assignee to carry on the attachment suit. *Held,* that the petition should be granted, and that the questions of law and fact on which the right of the assignee to recover would depend, could not properly be considered upon this application.

In Bankruptcy.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

This was a petition by creditors for the appointment of an assignee in place of a deceased assignee of M. B. Mahoney. The case was referred to a register in bankruptcy, (Sussex D. Davis,) who found the following facts: In June, 1837, the firm of Jackson, Riddle & Co., composed of Jackson, Riddle, and Mahoney, became insolvent and dissolved, Jackson retaining the assets as liquidating partner. Prior to their dissolution they had commenced a suit in foreign attachment against Warwick & Clegett, in which the Girard Bank of Philadelphia was summoned as garnishee. After the dissolution judgment was obtained in this suit against Warwick & Clegett, and a writ of *scire facias* issued against the garnishees. On September 2, 1842, Mahoney filed in this district, individually, and as a member of the firm of Jackson, Riddle & Co., a voluntary petition in bankruptcy, upon which he was adjudicated a bankrupt and subsequently discharged. On November 5, 1842, Riddle filed a similar petition and was afterwards discharged. On September 5, 1842, Jackson, individually and as a member of the firm, filed a similar petition in the district court for the eastern district of Louisiana, and in his schedules set forth the firm assets. His assignee subsequently sold all the book accounts of the firm to one Dyas, who afterwards assigned them to Jackson. In 1845 the Girard Bank, garnishees in the attachment suit, filed answers and a plea of *nulla bona*. Nothing further was done in this suit until 1879, when, Mahoney's assignee having died, the creditors of the firm of Jackson, Riddle & Co. filed this petition for the appointment of a new assignee to carry on the attachment suit. The register reported that the assets of the firm passed to Jackson's assignee and not to Mahoney's assignee, and that consequently there were no assets for an assignee of the latter to collect. Other questions, including the effect of lapse of time on the right to prosecute the attachment suit, were discussed before the register and the court.

*Arthur Biddle, W. Wynne Wister, C. M. Husbands,* and *George W. Biddle,* for petitioning creditors.

*R. M. Schick* and *Benjamin Harris Brewster,* for the Girard Bank.

BUTLER, D. J. In view of the great lapse of time since the termination of proceedings in this case, the court did not esteem it wise to appoint an assignee, as asked to do by the petition of Mr. McCrea, without some evidence of the existence of unadministered assets. The application was therefore referred to the register to hear the petitioner and report. Considerable evidence bearing on the subject was presented, and several important questions of law and fact raised and considered,—the Girard Bank, in whose possession assets are alleged to exist, being allowed through its counsel to participate in the inquiry, and to defend against the allegation. The register upon a very careful and able examination of a legal question raised by the bank, which he decided in its favor —holding in consequence that no recovery could be had— reported adversely to the petitioners. Without determining whether the register's decision respecting the question considered by him, is right or not, and without intimating any opinion on the subject, or any other disputed question of law or fact involved, I have concluded to appoint an assignee. Evidence of the existence of unadministered assets has been produced; and notwithstanding the important questions of law and fact to which my attention has been called, and which must be passed upon before the right of the assignee to recover can be determined, I believe the creditors should have an opportunity of proceeding in the case, and thus testing their rights. The questions raised in answer to the application cannot properly be considered at this time. Anxious as I have felt to avoid any action that might promote unnecessary litigation, I am satisfied after a very deliberate consideration of the case, that the prayer of the petitioner should be granted, and the creditors thus allowed to proceed to recover the alleged assets if they believe the circumstances warrant it.